UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANSSEN CONDOMINIUM ASSOCIATION OF APARTMENT OWNERS,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS et al.,<br><br>　　　　　　　Defendant(s). | CASE NO. 2:21−cv−00295−BJR<br><br>STANDING ORDER FOR ALL CIVIL CASES |

## **PROCEDURES FOR ALL CIVIL CASES**

This order sets forth the procedures that govern all civil cases assigned to this Court. The procedures supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Washington. **In the event that there is an inconsistency between the Local Rules and the procedures, the terms of this Order control.** *Failure to comply with the procedures set forth in this order may result in sanctions*. The terms of this Order shall have the force and effect of orders of the Court from this day forward. If the case was previously assigned to a different District Judge, these procedures replace those that previously controlled, but only as to pleadings and hearings from this date forward.

**I. Communications with Chambers**

Except as provided for in this Order, parties and counsel are discouraged from contacting chambers. *Ex parte* communications with Judge Rothstein or her law clerks involving any matter other than scheduling or settlement are strongly discouraged.

In relation to scheduling, unless the other parties have consented to have one party contact the Court alone, all parties must be on the line or copied on the email when communicating with the Court.

## II. Motions

### A. Structure, Page Limitations, Deadlines, and Typeface

A motion and the legal argument supporting the motion shall be filed as a single document. **Pleadings shall not contain a table of cases or a table of authority.** Except for Motions for Summary Judgment, all other motions, oppositions, and objections shall not exceed **FIFTEEN (15) pages** (exclusive of the certificate of service). Replies shall not exceed **TEN (10) pages** unless otherwise noted. Leave of Court must be obtained to file a sur–reply. If leave is obtained, sur–replies shall not exceed **FIVE (5) pages.**

Motions to exceed the page limitations will be granted only when the matter is one of **extraordinary complexity**.

**The Court does not use noting dates for motions; parties SHALL NOT set noting dates when filing a motion**. Instead, any opposition to a motion shall be filed no later than TWENTY–ONE (21) days after a motion is filed. Any reply in support of a motion shall be filed no later than FOURTEEN (14) days after an opposition has been filed. **These deadlines apply to all motions**. If the due date for an opposition falls on a weekend or holiday, the brief shall be filed on the next business day. For motions where oppositions are not anticipated (i.e., stipulated and/or unopposed motions), the Court will consider said motions upon filing. Where there is a discrepancy between the local rules and these dates, these dates control.

Motions, oppositions, objections, replies, and sur–replies shall be double–spaced and filed in no less than 12–point font in the text and 10–point font in the footnotes. The pleadings shall contain page numbers and have margins of no less than 1 inch. Pleadings which do not comply with these instructions may be summarily denied or stricken.

### B. Courtesy Copies

The Court **DOES NOT ACCEPT** courtesy copies of pleadings.

In matters requiring that an administrative record be filed with the Court, parties must provide a copy of the record to chambers on a compact disc. No physical copy of the record shall be filed. **Parties shall contact Judge Rothstein's DC Chambers at 202–354–3330 to secure the proper mailing address.**

### C. Certification of Conferral

Except for dispositive motions, motions shall contain a certification that the parties have met and conferred. (But *see* Section F(1) *infra*, for conferral requirements as to motions to dismiss). The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion. Parties must make a meaningful effort to confer prior to filing a motion. For example, waiting until the expiration of a deadline and contacting the opposing party, receiving no immediate response, and then filing the motion does not satisfy that duty. Parties should provide for at least three (3) business days between attempts to confer and a motion's filing and shall explain their specific efforts to comply if contact was not successfully made. Motions that do not comply may be summarily denied.

### D. Requests for Extensions of Time

Motions for extensions of time are discouraged and will be granted only where good cause is clearly evident. Accordingly, parties should not expect the Court to grant extensions even if they are unopposed, absent the necessary showing. Press of business in other matters ordinarily does not evidence good cause.

Motions for extensions of time should be filed at least three (3) business days in advance of the expiration of the relevant deadline. Any opposition must be filed within two (2) business days of the motion. Untimely motions or responsive pleadings may be summarily denied, stricken, or ignored.

### E. Requests to Reschedule Hearings

Motions to Reschedule are discouraged because of their impact on the Court's calendar. Such motions will be permitted rarely. If rescheduling is necessary, the motion shall be filed no later than **FIVE (5) business days** before the scheduled hearing. The motion shall contain alternative dates and times which are available for **all** parties. If the suggested dates and times are not available on the Court's calendar, the Court will select a date and time *sua sponte*.

### F. Dispositive Motions

A motion pursuant to Fed. R. Civ. P. 12(b) is discouraged if the defect can be cured by filing an amended pleading. **Therefore, the parties must meet and confer prior to the filing of a Motion to Dismiss to determine whether it can be avoided.** Consequently, such motions must contain a certification of conferral as set forth above in Section II (C). In addition, parties shall endeavor not to oppose timely motions to amend.

A motion pursuant to Fed. R. Civ. P. 56 and oppositions thereto, shall not exceed **THIRTY (30) pages** (exclusive of the certificate of service). Replies shall not exceed **TWENTY (20) pages**. If leave to file a sur–reply is given, it shall not exceed **TEN (10) pages**. A motion for summary judgment may be filed at any time during the case prior to expiration of the dispositive motions deadline.

### G. Motions for Reconsideration

Motions for Reconsideration are discouraged. Motions which reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied. Motions for reconsideration and oppositions, thereto shall not exceed **TEN (10) pages** (excluding the certificate of service). Replies shall not exceed **FIVE (5) pages**.

### H. Hearings on Motions

Regardless of any party's request for oral argument, the Court retains discretion to resolve the motion on the briefs. If the Court finds that oral argument is necessary, the parties shall be limited to **TWENTY (20) minutes** per side plus **FIVE (5) minutes** for rebuttal unless otherwise ordered.

### III. Discovery Disputes

**No opposed discovery motions are to be filed with the Court until the parties meaningfully comply with Fed. R. Civ. P. 37(a)(1).** If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone hearing with the Court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed. Noncompliant motions may be summarily denied or stricken.

To arrange a telephone hearing, all counsel (not support staff) for the disputing parties shall contact Judge Rothstein's Washington D.C. chambers at **(202) 354–3330** on a single line. Counsel shall be prepared to summarize the dispute(s) at issue and, if Judge Rothstein is available, be ready to make their legal arguments. In the event that the hearing is set for a future date, counsel shall also have their calendars available. Counsel shall not contact the Court until they have sufficiently narrowed the disputed issues to only those they cannot, without Court assistance, resolve themselves. Because the Court expects that the parties should contact it only as a last resort, counsel found to be unreasonably delaying discovery may be sanctioned.

Discovery disputes shall be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

In the event that the Court permits the filing of an opposed discovery motion, the motion shall contain a verbatim recitation of the discovery request and objection (if any) at issue or shall attach a copy of such. Again, if the Court must resolve the discovery

dispute by motion, the losing party may be sanctioned.

Notice of these discovery procedures shall be provided to third parties who receive discovery requests from the parties. They, too, shall be expected to comply with these procedures. Should the case be referred to a Magistrate Judge for discovery purposes, no opposed discovery motions shall be filed until the party has contacted the Magistrate Judge to be informed of his/her procedures for resolving discovery disputes.

### IV. Rule 16(b) Initial Status Conference and Scheduling Order

Unless specific circumstances require it, Judge Rothstein will not hold a Fed. R. Civ. P. 16(b) Initial Status Conference. Instead, Judge Rothstein will review the parties' combined Joint Status Report and Discovery Plan as required by FRCP 26(f) and Local Civil Rule 26(f) and issue a Scheduling Order as soon as practicable thereafter.

### V. Settlement

The parties shall evaluate the opportunity for settlement at the outset of the case regardless of whether the parties' obligation to meet and confer has been triggered. (*See supra* Part 4). To that end, the parties shall contact chambers to request mediation (with a Magistrate Judge, private mediator, or the Court's mediation program), arbitration, or any other form of alternate dispute resolution where they are in agreement that such would be helpful. Although the Court expects the parties to address settlement at the outset of the case, the parties have an ongoing obligation to explore possible settlement options if the matter settles, in whole or in part, the parties shall promptly file a Notice of Settlement and advise the Court how much time is needed to file dismissal papers.

### VI. Pretrial Conference

**TWENTY–EIGHT (28) days** prior to the Trial Date, the parties shall submit a Joint Pretrial Statement which addresses matters set forth below (in the order they are listed):

a. a short, concise statement of the case;

b. any facts to which the parties can stipulate;

c. designation of depositions and objections thereto;

d. itemization of damages and a summary of other relief requested;

e. a summary of any pending Motions *in Limine* and the opposition thereto;

f. a statement concerning whether settlement negotiations have been or would be beneficial;

g. an updated estimate of the length of trial;

h. a schedule of witnesses and a brief summary of their expected testimony and any objections thereto (attached as separate documents);

i. a list of exhibits and any objections thereto (attached as separate documents);

j. proposed jury instructions (see also Section VIII, D at Jury Instructions);

k. proposed verdict forms; and

l. proposed questions for *voir dire*.

While the parties are admonished to reach an agreement on all issues, items of disagreement may be called to the Court's attention in the statement. The parties shall, in concise form, note any relevant case law supporting their positions. In no event shall the parties file separate statements. Where possible, the Court will resolve areas of disagreement at the Pretrial Conference. Otherwise, the Court will direct the parties to submit further briefing. In addition to filing the Joint Pretrial Statement on the docket, the parties shall deliver a hard copy to chambers in a binder that has an index with items a–l above on labeled dividers. **Parties shall contact Judge Rothstein's Washington D.C. Chambers at 202–354–3330 to secure the proper mailing address.**

### VII. Courtroom Procedures

Counsel with authority to make scheduling decisions shall appear on behalf of the parties at all court appearances. Counsel and *pro se* parties shall observe traditional courtroom decorum, including that they shall rise to address the Court and remain at the podium unless granted permission to approach the bench or a witness. When not addressing a witness, counsel and *pro se* parties shall direct all statements to the court.

## VIII. Trial Procedures

### A. General

Schedule: Unless otherwise notified, trials are normally set to begin at 9:30 a.m. On each day of trial, counsel are expected to be present thirty minutes prior to the start to discuss any upcoming issues. To ensure that the morning pretrial hearing is productive and efficient, counsel shall meet after the conclusion of each trial day and attempt to resolve or refine upcoming disputes.

The normal trial day goes from 9:30 a.m. to noon and 1:30 p.m. to 4:30 p.m., with morning and afternoon breaks fifteen minutes in duration at the Court's discretion.

Recording of Proceedings: The official record of all trials and proceedings will be taken either by electronic sound recording or by a realtime court reporter.

Glossary: Where necessary, counsel shall confer and prepare a joint glossary of any unusual or technical terminology. The glossary shall be submitted to chambers no later than **FIVE (5) business days** in advance of the start of trial. Copies shall also be provided to the courtroom deputy and Court reporter (if any) on the first day of trial.

Trial Briefs: No trial briefs are allowed unless specifically ordered by the Court.

### B. Exhibits

On the first day of trial, counsel for each party shall provide the courtroom deputy: (1) an original set of marked exhibits in a notebook for the use of witnesses during trial; (2) two duplicate sets of marked and bound exhibits for the court's use

during trial; and (3) an original and three copies of each party's respective witness and exhibits lists.

The Court will rule on the admissibility of exhibits at the Final Pretrial Conference. Once ruled on, counsel may refer to them in argument or during the examination of witnesses and need not lay a foundation for their admissibility or move their admission during the trial. Impeachment or rebuttal exhibits (those whose sole purpose is to attack a witness' veracity) need not be disclosed at the Final Pretrial Conference, but they should be pre−marked, when possible, so that they will be immediately useable at trial without the necessity for labeling by the courtroom deputy.

Exhibits shall be marked by number (P1, P2, P3, etc., D1, D2, D3, etc., or, for Joint Exhibits, J1, J2, J3, etc.) and groups of exhibits shall be marked by number and letter (P1A, P1B, P1C, D1A, D1B, D1C, J1A, J1B, J1C, etc.).

### C.  Statements and Witnesses

Opening Statements: Except for especially complex cases, or otherwise authorized by the court, opening statements shall be limited to no more than **THIRTY (30) minutes per side.**

Witnesses: The rule on exclusion of witnesses will be in effect throughout the trial until the time of closing arguments and instructions. Other than parties and their representatives, all witnesses must remain out of the courtroom except while testifying. After completion of testimony, a witness may remain in the courtroom but cannot then be recalled. If counsel desire a waiver of the rule with respect to a specific witness (for example, an expert), counsel shall first discuss the matter with opposing counsel and then present the request to the court during the preliminary morning session prior to the start of trial on the particular day at issue. Counsel shall instruct witnesses not to discuss their testimony with other witnesses, either during or after they complete their testimony.

Once the trial begins, witnesses will be put on call at the peril of the calling party. The trial will not be recessed because a witness is unavailable except in extraordinary circumstances. If alerted ahead of time, the court will endeavor to accommodate witnesses with scheduling problems.

The use of an exhibit notebook should obviate the need to approach the witness. If extraordinary circumstances exist, counsel may approach the courtroom deputy who, in turn, will approach the witness. Otherwise, counsel are required to remain at the podium. Where counsel seeks to impeach a witness by use of that witness' prior deposition or other discovery materials, copies of the relevant document must be provided to the witness, the court, and opposing counsel.

<u>Examinations</u>: Counsel are advised to avoid eliciting witnesses' personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth and home addresses. If such information inadvertently becomes part of the record, counsel may request redaction of such items.

<u>Experts</u>: A proper resume or curriculum vitae, marked as an exhibit, shall be provided in the exhibit notebooks.

    Jury Trials:    Questions intended to qualify the witness as an expert shall be brief.

    Trials to the Court: A proper resume or curriculum vitae generally will suffice for the determination of an expert witness' qualification without additional questioning.

<u>Depositions</u>: All original deposition transcripts should be delivered to the courtroom deputy before the start of trial.

Deposition Testimony: The intent to utilize deposition testimony should be included in the proposed Joint Pretrial Order after counsel have conferred and narrowed any objections. If differences remain, counsel for the offering party shall

provide to the court two (2) copies of the designated transcript **FIVE (5) business days** prior to the Final Pretrial Conference, each with plaintiff's designations highlighted in yellow and defendant's designations highlighted in blue and objections noted.

    Jury Trials:   Counsel offering the deposition testimony is required to provide a person to read the designated portions of transcript.

    Trials to the Court: Deposition transcripts will not be read at trial.

  Videotaped Depositions: The intent to utilize videotaped deposition testimony should be included in the proposed Joint Pretrial Order after counsel have conferred and narrowed any objections. If differences remain, the dispute(s) should be summarized in the Joint Pretrial Order and the matter will be addressed at the Final Pretrial Conference.

  <u>Objections</u>: "Speaking objections" in the presence of the jury will not be permitted. Counsel must stand when raising objections and limit the objections to shorthand phrases such as "hearsay," "lack of foundation," "asked and answered," etc. If additional discussion is needed, counsel must request to approach the bench. However, frequent or protracted bench conferences are discouraged.

  Counsel requesting that an immediate jury instruction be given to the jury must provide the court with the proposed text of the jury instruction.

  <u>Closing Arguments</u>: Closing arguments generally will be limited to no more than **FORTY–FIVE (45) minutes** per side. Requests for longer presentations must be submitted to the court before closing arguments begin. Plaintiff may reserve for rebuttal up to one half of the time actually used during the direct argument. Counsel are reminded that it is improper to argue matters not in evidence or to express personal opinions or beliefs about the case.

  **D. Jury Trials**

Proposed joint *voir dire*, proposed joint jury instructions, and verdict forms shall be filed **TWENTY–EIGHT (28) days** prior to the Trial Date as part of the Joint Pretrial Statement.(*See* Section VI, *supra*.).

In civil trials, the jury shall consist of nine jurors. Each side shall have three peremptory challenges.

<u>Voir Dire</u>: The court will conduct *voir dire* and will consider proposed joint *voir dire* questions submitted in advance by counsel. Counsel may also submit addtitional individually directed written questions during the *voir dire* that the court will ask the individual jurors. Counsel for each party may have **TEN (10) minutes** each to further question the prospective jurors. Counsel shall not ask questions submitted to and rejected by the court.

<u>Preliminary Instructions</u>: After the jury is selected and sworn, the Court will give preliminary instructions to the jury. These instructions will generally include a description of the trial process, the responsibilities of the participants, the burden of proof, the daily trial schedule, procedures governing juror note taking and the duty not to discuss the case with anyone until deliberations begin. If counsel for any party desires that any additional preliminary instructions be given, he/she shall include a request in the proposed joint jury instructions.

<u>Note Taking by Jurors</u>: Generally, jurors will be permitted to take notes in notebooks which the Court will provide. The jurors will be given a preliminary instruction about note taking. During recesses, jurors will be required to leave their notebooks in the courtroom. At the end of each day, the notebooks will be collected by the courtroom deputy, and will be placed back on the jurors' seats at the commencement of the trial on the following day. At the end of the trial, the jurors will be permitted to take their notebooks to the jury room for use during deliberations. At the end of deliberations, any notes taken by jurors will be destroyed.

1    Jury Instructions: **To the maximum extent possible, counsel for the parties shall agree on one stipulated set of proposed jury instructions; only uncertainty in the binding substantive law should prevent such agreement.** Each instruction should begin on a new page. Where disagreements arise, the proposed jury instructions shall include the alternate instructions and argument and authority for the instruction not to exceed TWO (2) pages for each party and instruction.

Final Jury Instructions: Prior to the closing arguments, the Court will advise counsel of the Court's determinations concerning instructions to be given to the jury. Where warranted, the Court will conduct a jury instruction conference to allow counsel to lodge argument related to disputed jury instructions.

The jury will be instructed prior to closing arguments. A written copy of the instructions will be given to each juror when the jury commences its deliberations.

Deliberations: The jury will be given all admitted exhibits, the written jury instructions, and any verdict form and special interrogatories that the Court has decided to use. Throughout jury deliberations counsel must be within twenty minutes of the courthouse in order for the Court to expeditiously respond to any jury notes or a verdict. Counsel who choose not to remain in the immediate vicinity of the courtroom must provide the courtroom deputy or law clerk with a telephone number where they can be contacted. Unless counsel object, the jury will not be brought into the courtroom to be excused at the end of the day, nor for resumption of deliberations when it returns the following day. Instead, the courtroom deputy or law clerk will excuse the jury from the jury room at the end of the day and collect all exhibits, notebooks, and verdict forms. These items will be returned to the jury room when the jury returns the next morning to continue its deliberations. The jury will be reminded that they are not permitted to discuss the case with anyone.

**E.   Trials to the Court**

Proposed findings of fact and conclusions of law shall not be filed in advance of trial. Where necessary, the Court will order that such documents be filed at the conclusion of trial.

### IX. Compliance

A failure by any party to fully comply with this order may result in the imposition of sanctions.

**SO ORDERED.**

The 10th of March 2021.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE