UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANSSEN CONDOMINIUM ASSOCIATION OF APARTMENT OWNERS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　　　　Defendants. | No. 2:21-cv-00295-BJR<br><br>ORDER DENYING COUNTRY MUTUAL'S MOTION FOR RECONSIDERATION |

## I.　INTRODUCTION

Before the Court is Defendant Country Mutual Insurance Company's ("Country Mutual") motion for reconsideration ("Mot.," Dkt. 82) of the Court's order, dated October 18, 2022 (the "Order," Dkt. 77), granting partial summary judgment to Plaintiff Franssen Condominium Association of Apartment Owners ("Plaintiff"). Having reviewed Country Mutual's motion, the record of the case, and the relevant legal authorities, the Court DENIES the motion. The reasoning for the Court's decision follows.

ORDER - 1

## II.      BACKGROUND

The Court set forth the background of this case in the Order, and will not repeat it here. In short, this lawsuit is an insurance coverage dispute relating to alleged weather-related damage suffered by a condominium in Oak Harbor, Washington (the "Condominium"). Plaintiff, the Condominium's homeowners association, moved for partial summary judgment, seeking several legal rulings concerning the interpretation of the insurance policies issued by Defendants that Plaintiff claims covers the alleged damage. Dkt. 44. Plaintiff sought, in relevant part, a ruling that County Mutual's policies – under which "negligent work" is an excluded peril – cover damage resulting from a causal chain that is initiated by negligent work but also includes one or more covered perils (*i.e.*, weather conditions). The Court found that Plaintiff was entitled to the sought ruling. Order at 21-23.

As the Order explained at length, "to exclude otherwise-covered losses that result from a causal chain set into motion by an excluded peril … the insurer must include specific language in the policy to this effect." *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. 14-cv-1860, 2015 WL 11988945, at *10 (W.D. Wash. Dec. 23, 2015); *see* Order at 18-20. The parties disagreed as to whether the policies' negligent work clause is subject to that specific language. Country Mutual pointed to a provision in a policy endorsement – the "Washington Changes" endorsement – which added that type of language to "any introductory paragraph preceding an exclusion or list of exclusions." *See* Declaration of Todd Hayes ("Hayes Decl.," Dkt. 46), Ex. C at 41 (excluding coverage where an excluded event "[i]nitiates a sequence of events that results in loss or damage, regardless of the nature of any intermediate or final event in that sequence"). Plaintiff, on the other hand, pointed to a separate and more specific provision in the endorsement that replaced the entire negligent work clause with a new one containing a causation preamble lacking that language: "if

ORDER - 2

an excluded cause of loss … results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss." *See id*., Ex. C at 42-43.

Given these competing provisions, the Court found that it is ambiguous whether the policies' negligent work clause was subject to the "initiates a sequence" language, and thereby excludes coverage where damage results from a causal change initiated by negligent work. Order at 21-22. Thus, consistent with the well-established principle that ambiguous insurance policies are interpreted in favor of the insured, particularly where exclusions are concerned, *see, e.g.*, *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 126 Wash. 2d 50, 83 (Wn. Sup. Ct. 1994), the Court found that the negligent work clause was not subject to that language. Country Mutual filed the present motion on November 1, 2022, arguing that the Court "overlooked or did not consider certain arguments Country raised in favor of its interpretation of Washington Changes endorsement." Mot. at 2. Plaintiff filed an opposition to the motion. Dkt. 85.

### III. LEGAL STANDARD

"Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1); *see Kinchen v. DeJoy*, No. 20-55683, 2021 WL 3204020, at *2 (9th Cir. July 28, 2021) ("A motion for reconsideration should only be granted if the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (quotation marks and citation omitted)). Further, this Court's Standing Order provides that such motions that "reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied." Standing Order for All Civil Cases ("Standing Order," Dkt. 7) at 5.

ORDER - 3

## IV. DISCUSSION

In its motion for reconsideration, Country Mutual argues that the Court overlooked its argument that the endorsement's "initiates a sequence" language must apply to the negligent work clause because, otherwise, two aspects of the endorsement would be rendered superfluous. The first is the provision that applies that language to "any introductory paragraph" that precedes an exclusion or list of exclusions. Hayes Decl., Ex. C at 41. Far from overlooking that provision, the Court expressly observed that the phrase, "any introductory paragraph," supported Country Mutual's proposed interpretation. Order at 21-22. However, as discussed in the Order, that interpretation competed with, but did not defeat, Plaintiff's proposed interpretation, which relied on a more specific provision containing a causation preamble lacking the "initiates a sequence" language. *See Foote v. Viking Ins. Co. of Wisconsin*, 57 Wash. App. 831, 834 (Wn. Ct. App. 1990) (noting that "specific provisions" of insurance policies, as with other contracts, "control over the general provisions").

The second aspect of the endorsement is the final sentence of the replaced negligent work clause – which did not appear in the original clause – that provides: "if loss or damage by a Covered Cause of Loss results [from negligent work], we will pay for that resulting loss or damage." Hayes Decl., Ex. C at 43. Country Mutual contends that this new final sentence would be redundant if the clause's causation preamble were also to provide coverage for damage caused by a covered peril that resulted from an excluded peril. *See, e.g.*, Mot. at 4 ("Country Mutual's interpretation is the only defensible interpretation because it does not result in two similar, redundant clauses.").

The endorsement's addition of the final sentence to the negligent work clause does not resolve the ambiguity in Country Mutual's favor. While courts endeavor to avoid redundant provisions when interpreting contracts, they also "must interpret contracts, if possible, so as to

ORDER - 4

avoid internal conflict." *Puget Soundkeeper All. v. APM Terminals Tacoma, LLC*, No. 17-cv-5016, 2020 WL 6445825, at *10 (W.D. Wash. Nov. 3, 2020) (quoting *Trident Ctr. v. Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 566 (9th Cir. 1988)). Country Mutual's proposed construction – in which the negligent work clause begins with an "initiates a sequence" causation preamble, and ends with "resulting loss" language – would inject internal conflict into that clause. On the one hand, the "initiates a sequence" preamble provides that damage from a covered peril will *not* be covered if it is initially brought about by negligent work. On the other hand, the "resulting loss" language provides that damage from a covered peril *will* be covered even if that peril is initially brought about by negligent work. *See, e.g.*, *Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 16-cv-1012, 2017 WL 5499809, at *4 (W.D. Wash. Nov. 16, 2017) (under ensuing loss provision, "if an excluded peril (e.g. inadequate construction) brings about a covered peril (e.g. rain intrusion …), any resulting damage is covered" (emphasis removed)). As such, while Country Mutual's proposed construction might avoid a redundancy in the negligent work clause, it would also result in conflicting causation language that renders the clause incoherent. *See Christal v. Farmers Ins. Co. of Washington*, 133 Wash. App. 186, 191 (Wn. Ct. App. 2006) ("Nor do we interpret policy language in a way that extends or restricts the policy beyond its fair meaning or renders it nonsensical or ineffective.").

      Therefore, the Court finds that the added final sentence also does not resolve the ambiguity in favor of Country Mutual's interpretation of the negligent work clause. If anything, it supports Plaintiff's proposed construction. Accordingly, the arguments raised in Country Mutual's motion for reconsideration do not disturb the Court's ruling.

ORDER - 5

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration of its order granting partial summary judgment to Plaintiff (Dkt. 82).

SO ORDERED.

Dated: November 15, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6