UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANSSEN CONDOMINIUM ASSOCIATION OF APARTMENT OWNERS,<br><br>        Plaintiff,<br><br> v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>        Defendants. | No. 2:21-cv-00295-BJR<br><br>ORDER ON PLAINTIFF'S MOTIONS IN LIMINE |

## I. INTRODUCTION

This lawsuit is an insurance coverage dispute relating to alleged weather-related damage suffered by a condominium in Oak Harbor, Washington (the "Condominium"). A jury trial in this matter is scheduled to begin on December 5, 2022. Presently before the Court are eleven separate motions in limine filed by Plaintiff. Dkt 80 ("Mot.). Defendants Country Mutual and Travelers oppose the motions. Dkt. 92 ("Country Mutual Opp."); Dkt. 93 ("Travelers Opp."). Having

ORDER - 1

reviewed the motions, the record of the case, and the relevant legal authorities, the Court GRANTS certain of the motions, and DENIES other of them, as set forth in this order.

## II.     LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). By ruling in limine, the court "gives counsel advance notice of the scope of certain evidence" before trial. *Id*. at 1111-12. However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001). Evidence should be excluded pursuant to a motion in limine only when it is "inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.     DISCUSSION

### A.     Motion to Preclude Argument that Plaintiff has the Burden of Proving Fortuity

The fortuity principle, also known as the "known risk principle" in Washington, is "premised on the principle that an insured cannot collect on an insurance claim for a loss that the insured subjectively knew would occur at the time the insurance was purchased." *Aluminum Co. of Am. v. Aetna Cas. & Sur. Co.*, 140 Wash. 2d 517, 556 (Wn. Sup. Ct. 2000) (quoting *Public Util. Dist. No. 1 of Klickitat Cnty. v. Int'l Ins. Co.*, 124 Wash. 2d 789, 805 (Wn. Sup. Ct. 1994)). In applying that principle, the factfinder "must determine whether a particular occurrence was expected by the insured before the insurance coverage was obtained." *Public Util. Dist. No. 1 of Klickitat Cnty.*, 124 Wash. 2d at 805. Plaintiff contends that Defendants hold the burden of proof on the issue of fortuity, and moves to bar them from making any argument to the contrary. Mot.

ORDER - 2

at 2-4. Defendants, on the other hand, argue that Plaintiff holds the burden of proving that its loss was fortuitous. Country Mutual Opp. at 2-3; Travelers Opp. at 2-4.

The Washington Supreme Court has never decided which party holds the burden of proof on the issue of fortuity under Washington law. *See Ingenco Holdings, LLC v. ACE Am. Ins. Co*., No. 2:13-cv-00543, 2022 WL 716880, at *6 (W.D. Wash. Mar. 10, 2022). It has, however, been presented with the question of whether Pennsylvania courts, applying Pennsylvania law, would place that burden on the insurer or the insured. In that case, *Aluminum Co. of Am. v. Aetna Cas. & Sur. Co*., 140 Wash. 2d 517 (Wn. Sup. Ct. 2000) ("*Alcoa*"), the court held that the burden belonged to the insurer given that, under Pennsylvania law, the insurer holds the burden of proving the applicability of an exclusion, and fortuity is an exclusion. *Id.* at 561-64.

In *Ingenco*, a court in this District predicted "that the Washington Supreme Court would follow its reasoning in *Alcoa* and hold that, under Washington law, the fortuity burden falls on the insurer." *Ingenco*, 2022 WL 716880, at *7. The *Ingenco* court reasoned that "Washington law, like Pennsylvania law, places the burden of proving an exclusion on the insurer." *Id.* at *8 (quoting *Mutual of Enumclaw Ins. Co. v. T & G Const., Inc*., 165 Wash. 2d 255, 268 (Wn. Sup. Ct. 2008) ("The insured bears the burden of showing that coverage exists; the insurer that an exclusion applies.")). Moreover, in Washington, fortuity "has the effect of an exclusion." *Alcoa*, 140 Wash. 2d at 556 (noting that "the fortuity principle is sometimes called the unnamed exclusion" given that "nonfortuitous events are not named exclusions in the policy"). Therefore, the *Ingenco* concluded that the logic of *Alcoa* applies equally under Washington law as under Pennsylvania law. *See Ingenco*, 2022 WL 716880, at *8.

The Court finds *Ingenco* persuasive and predicts that the Washington Supreme Court, if presented with the issue, would rule that the insurer holds the burden of proof on the issue of

ORDER - 3

fortuity. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." (citation omitted)). Therefore, Defendants will hold the burden at trial of proving that "a particular occurrence was expected by the insured before the insurance coverage was obtained." *Public Util. Dist. No. 1 of Klickitat Cnty*, 124 Wash. 2d at 805. The Court, accordingly, will grant Plaintiff's motion.

### B.   Motion to Preclude Argument that Rain or Other Weather Conditions are Non-Fortuitous

Plaintiff moves to bar Defendants from presenting "any evidence or argument that rain or other 'weather conditions' are non-fortuitous" on the ground that courts "universally recognize[] that an insurer cannot avoid coverage by arguing that 'rain' and 'weather' are not fortuitous." Mot. at 4-5. In response, Travelers argues that the issue of whether rain or weather conditions were fortuitous perils is a factual matter reserved for trial. Travelers Opp. at 4-5.

The Court agrees with Plaintiff. As the Court previously held, rain and other types of precipitation are not excluded by any of the policies. Dkt. 77 at 16-18. Given the extent to which those conditions are regularly expected in Washington, Travelers' argument that they can constitute non-fortuitous perils would, if successful, render them excluded perils. *See Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 16-cv-1012, 2017 WL 5499809, at *3 (W.D. Wash. Nov. 16, 2017) ("[the] policy contains no exclusion for rain, and [insurer] cannot create one with a fortuitousness argument"); *Babai v. Allstate Ins. Co.*, No. 12-cv-1518, 2013 WL 6564353, at *4 (W.D. Wash. Dec. 13, 2013) (rejecting insurer's argument that policy did not cover losses from rain, on account of rain being expected, because such an argument, if true, would eliminate any need for insurance policies to exclude weather conditions from coverage; "Yet policies do exclude weather conditions"). The Court will not permit Travelers to attempt to persuade the jury

ORDER - 4

to rewrite its policies in such a way that transforms a covered peril into an excluded peril. The "proper inquiry" in this case "is not whether rain is unexpected, but whether the loss is unexpected." *Babai v. Allstate Ins. Co.*, No. 12-cv-1518, 2014 WL 12029279, at *2 (W.D. Wash. Oct. 8, 2014); *see also Sunwood*, 2017 WL 5499809, at *3 ("If a jury finds hidden, unexpected damage at [condominium] was caused by exposure to rain, the loss was fortuitous."). Therefore, the Court will also grant this motion.[1]

### C. Motion to Preclude Argument Incorrectly Defining "Damage"

Plaintiff asks the Court to bar Defendants from making "any argument that the policies require 'damage' to result in a loss of use or function" on the ground that the policies do not define "damage" in such a way. Mot. at 10. The parties agree that the term, "damage," broadly means "that there was an initial satisfactory state that was changed by some external event into an unsatisfactory state." *Wolstein v. Yorkshire Ins. Co.*, 97 Wash. App. 201, 213 (Wn. Ct. App. 1999) (citation omitted); *see* Mot. at 10; Country Mutual Opp. at 5; Travelers Opp. at 9. As long as Defendants refrain from making statements of the law that conflict with this definition, the Court will not preclude them from making a case to the jury that, whether in light of functional or cosmetic considerations, the Condominium did not undergo a change from a satisfactory state to an unsatisfactory one. Accordingly, the Court will deny this motion.

---

[1] Country Mutual, for its part, states that it does not plan to argue that rain and weather are non-fortuitous, but intends instead to make two arguments regarding rain: (1) in the context of the loss at issue, rain "is a background condition rather than a cause"; and (2) even though rain may have been the main source of moisture, it "does not explain [] why water would get inside the exterior walls and damage interior wall components." Country Mutual Opp. at 3-4. Given that these arguments do not appear to make a case for non-fortuity, they fall outside the scope of Plaintiff's motion and the Court will not preclude them. However, the Court cautions Country Mutual not to attempt to persuade the jury that any damage to the Condominium is not covered on account of rain being an expected event.

ORDER - 5

**D.     Motions Seeking to Preclude Arguments Based on the Insufficiency of Evidence Supporting Them**

Plaintiff's remaining motions seek to preclude Defendants from making certain arguments on the basis that there is insufficient evidence in the record supporting them. Specifically, Plaintiff asks the Court to bar:

1. Travelers from arguing that the Association knew before the inception of its policies that the loss would occur, on the basis that Travelers has not identified any evidence supporting that argument. Mot. at 5-6.

2. Travelers from arguing that the Condominium's damage was not caused by weather conditions, and the damage is therefore not covered, on the ground that Travelers' causation expert conceded that damage resulted from water exposure. Mot. at 6-7.

3. Country Mutual from arguing that that its policies do not cover the Condominium's damage, on account of County Mutual's expert's concession that weather conditions were part of the causal chain that resulted in that damage. Mot. at 8.

4. Defendants from arguing that their policies' "[c]ontinuous or repeated seepage or leakage of water" exclusions apply, on the ground that they have not presented any evidence that those exclusion apply to the type of damage suffered by the Condominium. Mot. at 9.

5. Defendants from arguing that their policies' "interior" damage limitation applies, on the basis that the Condominium suffered – and Plaintiff only seeks coverage for – damage to the Condominium's exterior. Mot. at 9-10.

6. Defendants from arguing that damage did not "commence" or "occur" during their policy periods, on the ground that their experts did not testify during their depositions that damage had not occurred during those periods. Mot. at 10-11.

ORDER - 6

7. Defendants from arguing that damage to the Condominium was not "progressive and incremental," on account of their experts' concessions that the Condominium had suffered that type of damage. Mot. at 11.

8. Defendants from arguing that each "rain event" is a separate occurrence, subject to a separate deductible, on the basis that the Condominium's damage was progressive and incremental, and did not result from specific rain events. Mot. at 11-12.

Each of these motions asks the Court to preclude Defendants from presenting their case as to dispositive factual issues, bearing on the ultimate determination of coverage under the policies, based on the existence or non-existence of evidence in the record. However, "[a] motion in limine is used to obtain pretrial rulings on the admissibility of evidence, not to determine the sufficiency of the evidence or merits of an issue." *Williams v. Rushmore Loan Mgmt. Servs. LLC*, No. 3:15-cv-673, 2017 WL 822793, at \*1 (D. Conn. Mar. 2, 2017) (citation and quotation marks omitted)); *see Arriaga v. Logix Fed. Credit Union*, No. 18-cv-9128, 2022 WL 3099220, at \*1 (C.D. Cal. Apr. 22, 2022) ("It is improper [] for the Court to weigh evidence on a motion in limine."). Certainly, it "is not the proper vehicle for seeking a dispositive ruling on a claim." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). While the issues Plaintiff asks the Court to resolve may have been appropriately raised on a motion for summary judgment, they are not properly raised now through a motion in limine. *See, e.g.*, *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) ("If [defendant] wanted to preclude [plaintiff] from raising these defenses at trial because there was no genuine issue of material fact as to them, then he should not have filed a motion in limine … but should instead have filed a summary judgment motion"). Accordingly, the Court will deny the motions identified in this section.

ORDER - 7

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS certain of Plaintiff's motions in limine, and DENIES other of them (Dkt. 80), as set forth in this order.

SO ORDERED.

Dated:  November 23, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 8